UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.: 8:22-CV-111

YADIRA MIRANDA,

    Plaintiff,

vs.

APOLLO ADVANCED HOME HEALTH, CORP.,

    Defendant.
_____/

## **COMPLAINT FOR FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Yadira Miranda, sues Defendant, Apollo Advanced Home Health, Corp., based on the following good cause:

### *Parties, Jurisdiction, and Venue*

1.     **Plaintiff, Yadira Miranda**, is over 18 years old and has been a *sui juris* resident of Polk County, Florida, at all times material.

2.     Plaintiff was an hourly employee of Defendant, as the term "employee" is defined by 29 U.S.C. §203(e).

3.     Plaintiff was a non-exempt employee of Defendant.

4.     Plaintiff consents to participate in this lawsuit.

5.     **Defendant, Apollo Advanced Home Health, Corp.,** is a Florida for-profit corporation that has, at all times material, conducted its for-profit business in Hillsborough County, Florida, and it is *sui juris*.

6.     Defendant was Plaintiff's employer, as the term "employer" is defined by 29 U.S.C. §203 (d).

7. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendant transacts business in this District, because Defendant maintained its principal place of business in this District, because Plaintiff worked and was due to be paid in this District, and because most, if not all, of the operational decisions were made in this District.

8. This Court has original jurisdiction over Plaintiff's federal question claim pursuant to 28 U.S.C. §1331 and 26 U.S.C. §201, *et seq*.

### ***Background Facts***

9. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

10. Defendants have been, at all times material, an enterprise engaged in interstate commerce in the course of their provision of care and services which, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

11. Defendant owns and operates a home healthcare company that utilizes computers, software, medical equipment and supplies, furniture, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

12. Furthermore, Defendant regularly and routinely obtains, exchanges, and sends/receives funds to and from insurers and payors located outside of the State of Florida, use telephonic transmissions going outside of the State of Florida to conduct its business, and transmits electronic information through computers, the internet, via email, and otherwise outside of the State of Florida.

13. Defendant's annual gross revenues derived from this interstate commerce are believed to exceed $500,000.00 for the relevant time period.

14. Plaintiff's work for Defendant was in or so closely related to the movement of commerce while she worked for Defendant that the Fair Labor Standards Act applies to Plaintiff's work for Defendants while regularly and recurrently using telephones, software, uploading information through her mobile device to locations outside of the State of Florida, cleaning materials and supplies, and other goods and supplies that moved through interstate commerce.

### *Liability*

15. Plaintiff worked for Defendant from October 25, 2021, through approximately November 19, 2021.

16. To the extent that records exist regarding the exact dates of Plaintiff's employment exist, such records are or were required to be in the custody of Defendant.

17. Plaintiff received an hourly rate of pay of $25 per hour.

18. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendant.

19. Defendant paid Plaintiff at her regular rate of $25/hour for each hour that she worked beyond 40 hours in a workweek.

20. Defendant failed and refused to pay Plaintiff overtime wages calculated at time and one-half of her regular hourly rate(s) of pay for each of the hours that she worked beyond 40 hours in any given workweek.

21. Defendant willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times her regular rate of pay for each of the overtime hours she worked prior to the filing of the Complaint.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

22. Defendant either recklessly failed to investigate whether its failure to pay Plaintiff an overtime wage for the hours Plaintiff worked during the relevant time period violated the Federal Wage Laws of the United States, Defendant intentionally misled Plaintiff to believe that Defendant was not required to pay an overtime rate of at least the applicable Florida minimum wage, Defendant failed to post the required notice(s) regarding minimum wage and overtime pay, and/or Defendant concocted a scheme pursuant to which she deprived Plaintiff the overtime pay earned.

23. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours she worked prior to the filing of the initial Complaint, plus an equal amount as a penalty, plus all attorneys' fees and costs.

24. Any/all condition(s) precedent to filing this lawsuit occurred and/or were satisfied by Plaintiff.

25. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

WHEREFORE Plaintiff, Yadira Miranda, demands the entry of a judgment in her favor and against Defendant, Apollo Advanced Home Health, Corp., after trial by jury, and as follows:

  a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

  b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

  c. That Plaintiff recover an award of reasonable attorneys fees, costs, and expenses pursuant to the FLSA;

  d.  That Plaintiff recover all interest allowed by law;

  e.  That Defendant be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

  f.  That the Court declare Defendant to be in willful violation of the overtime provisions of the FLSA; and

  g.  That Plaintiff receive such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff, Yadira Miranda, demands a trial by jury of all issues so triable.

Respectfully submitted this 13th day of January 2022,

            Brian H. Pollock, Esq.
            Brian H. Pollock, Esq. (174742)
            brian@fairlawattorney.com
            FAIRLAW FIRM
            135 San Lorenzo Avenue
            Suite 770
            Coral Gables, FL 33146
            Tel: 305.230.4884
            *Counsel for Plaintiff*