UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

CASE NO.: 8:22-cv-111-SDM-TGW

YADIRA MIRANDA,

    Plaintiff,

vs.

APOLLO ADVANCED
HOME HEALTH, CORP.,

    Defendants.
_____/

## JOINT MOTION AND MEMORANDUM OF LAW FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE

Plaintiff, Yadira Miranda, and Defendant, Apollo Advanced Home Health, Corp. ("Defendant"), hereby file this Joint Motion and Memorandum of Law for Approval of Settlement Agreement and Dismissal with Prejudice, requesting that this Court approve the Parties' settlement of Plaintiff's Fair Labor Standards Act ("FLSA") claim. The good cause warranting approval is as follows:

## BACKGROUND AND PROCEDURAL HISTORY

1. On January 13, 2022, Plaintiff filed her Complaint asserting claims against Defendant for unpaid overtime wages under the FLSA. (Doc. No. 1.)

2. On February 15, 2022, Defendant filed its Answer and Defenses (Doc. 8), denying Plaintiff's allegations of unlawful conduct and denied all liability.

3. Thereafter, the Parties engaged in written discovery and extensive settlement negotiations.

4. Based upon the information exchanged between the Parties, the settlement negotiations, and to avoid the costs and uncertainty of litigation, the Parties reached a settlement agreement after several rounds of negotiations and filed a Notice of Settlement with this Court on February 10, 2023. (Doc. 23.)

5. Plaintiff and Defendants hereby request approval of the Parties' Settlement Agreement. A true and correct copy of the Parties Settlement Agreement is attached hereto as Exhibit "A".[1]

6. Pursuant to *Lynn's Food Stores, Inc., v. United States*, 679 F.2d 1350 (11th Cir. 1982), claims for overtime compensation under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor. If the parties in a lawsuit have reached a settlement agreement, the Court must scrutinize it for fairness, and the Court must conclude that the settlement constitutes a "fair and reasonable resolution of a bona fide dispute over FLSA provisions" before closing the case. *Id.* at 1353, 1355. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.* at 1354

---

[1] The Settlement Agreement executed by the parties was originally a four-page document, but it was converted to a three-page document after being signed. Therefore, Exhibit A says page "3 of 4" at the bottom, but there is no page four. The parties are also providing Exhibit B, which is the original version of the agreement with four pages. However, the fourth page contained no contractual language; only the signature spaces for the parties.

7. Defendants contend that Plaintiff was an independent contractor who was not covered under the FLSA. Defendants served a Rule 68 Offer of Judgment to Plaintiff, offering $3,000.00 in satisfaction of the overtime claim, and Plaintiff's reasonable attorney's fees and costs to be determined.

8, Based upon the negotiations between the Parties, Plaintiff agreed to the total amount of $3,000.00 ($1,500.00 in satisfaction of her unpaid overtime wages, plus an equal amount of $1,500.00 as liquidated damages). In light of the above, both Parties agree that the settlement is a reasonable compromise of the alleged claims of Plaintiff.

9. Pursuant to the terms of the Settlement Agreement, Plaintiff's counsel will receive $9,000.00, representing attorneys' fees and costs. Plaintiff's attorneys' fees and costs were negotiated completely separately from Plaintiff's settlement and did not bear any weight on the amounts received by Plaintiff. As such, no judicial review is necessary. *See Bonetti v. Embarq Mgmt. Co.*, No. 6:07-cv-1335-Orl-31GKJ, 2009 WL 2371407, *5 (M.D. Fla. Aug. 4, 2009).

10. The fact that the Plaintiff is represented by counsel adds further support to the conclusion that the compromise the Parties reached is reasonable. *See Fernandez v. A-1 Duran Roofing, Inc.*, No. 12-cv-20757, 2013 WL 684736 (S.D. Fla. Feb. 25, 2013) (noting that fairness concerns articulated by *Lynn's Food* are not implicated in settlement of FLSA lawsuit brought by employee represented by

counsel) (citing *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012)).

11. Plaintiff and Defendants contend and stipulate that in light of the issues in dispute, the amount received by Plaintiff constitutes a fair and reasonable compromise of disputed claims, and they respectfully submit that their settlement should be approved by the Court. Had the case proceeded through additional discovery, dispositive motions, and, if applicable, trial, it is possible that Plaintiff would have received less, if anything, in damages. Thus, the Parties contend and stipulate that their settlement advances judicial economy.

12. Accordingly, the Parties respectfully request that the Court review and approve the Parties' Settlement Agreement.

13. The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Parties' Settlement Agreement.

## **MEMORANDUM OF LAW**

FLSA claims may be settled, compromised, or released by an employee upon judicial approval of disputed claims on terms that are fair and reasonable:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does

reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's*, 679 F. 2d at 1353-54.

In determining whether a settlement is "fair, adequate and reasonable and is not the product of collusion between the parties," *Cotton v. Hinton*, 559 F.2d 1236, 1330 (5th Cir. 1977)[2], Courts are to consider the following factors:

(1) the existence of fraud or collusion behind the settlement;
(2) the complexity, expense, and likely duration of the litigation;
(3) the stage of the proceedings and the amount of discovery completed;
(4) the probability of the plaintiffs' success on the merits;
(5) the range of possible recovery; and
(6) the opinions of counsel.

*Morgan v. Public Storage*, 301 F. Supp. 3d 1237 (11th Cir. 2016).

**(1)** *There Was No Fraud or Collusion.*

In this case, there was no fraud or collusion, as both Parties were represented by counsel experienced in FLSA claims, nor is there any contention of same by either Party.

**(2)** *The Complexity, Expense, and Length of Litigation Support Early Resolution.*

The complexity, expense, and length of litigation weigh heavily in favor of

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981. As *Brennan* has not been overturned or otherwise eroded by the Eleventh Circuit, it is the law by which its district courts must abide.

5

settlement in this case. The cost of protracted litigation, which would be required for both sides to pursue their claims and defenses and obtain a final judgment on the merits, would be exceedingly high and likely exceed any damages Plaintiff could hope to recover in this action. The proposed settlement minimizes such costs, preserving the Court's and each Parties' resources.

**(3)** *The Parties Resolved this Case at the Appropriate Stage.*

Before resolving this case, the Parties exchanged sufficient information that enabled them to consult with their counsels and make decisions about whether to continue litigating or to resolve this case. Based on this exchange, the Parties decided to resolve this matter.

**(4)** *The Probability of Success on the Merits Supports Settlement.*

The Parties disagree about the merits of Plaintiff's claim(s) and the applicable defenses, making protracted litigation inevitable if the settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that he would be awarded any amount – let alone an amount greater than what the settlement provides – further supports the validity, reasonableness, and fairness of the settlement at issue.

**(5)** *The Range of Possible Recovery Supports Approval.*

The Parties' settlement takes into account the validity of Plaintiff's claims, the defenses thereto, and the length of time it would take for Plaintiff to actually recover a final judgment against Defendants.

**(6)** *Counsel Agree That The Settlement Is Fair.*

Considering the facts of this case, including the time worked, the amount claimed, and what the records reflect, as well as the potential defenses involved, the Parties agree that the proposed settlement reached by the Parties and reflected in Exhibit "A" represents a fair and reasonable compromise of Plaintiff's claims. Plaintiff's counsel's fees are reasonable given the time expended, and the potential for protracted litigation. Plaintiff's counsel actually compromised the attorneys' fees incurred in order to resolve this case at this juncture.

Given that the settlement is fair and reasonable on its face, and that Plaintiff's recovery was not adversely affected by the amount of attorneys' fees paid to counsel, Plaintiff and Defendants respectfully request that the Court approve the Settlement Agreement and dismiss Plaintiff's FLSA action with prejudice, with each Party to bear its own costs, fees and expenses (except as otherwise set forth in the Parties' Settlement Agreement). The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court of the Settlement Agreement.

Dated this 3rd day of March 2023.

| By:/s/Toussaint Cummings | By:/s/ Frank Bane |
|---|---|
| Toussaint Cummings | Frank Bane |
| Florida Bar No. 119877 | Florida Bar No. 0116539 |
| toussaint@fairlawattorney.com | Email: |
| FAIRLAW FIRM | noclegalservices@outlook.com |
| 135 San Lorenzo Ave., Suite 770 | NOC LEGAL SERVICES |
| Coral Gables, Florida 33146 | 8910 N Dale Mabry Hwy, Unit 11 |
| 305-230-4884  Telephone | Tampa, FL 33614 |
| 305-230-4884  Facsimile | 727-460-4800 |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |