# SETTLEMENT AGREEEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is entered into by and between Yadira Miranda (hereinafter "Plaintiff") and Apollo Advanced Home Health, Corp., and their officers, directors, insurers, and agents (hereinafter "Defendants"); who are collectively referred to as "the Parties".

**Whereas**, Plaintiff filed a lawsuit to recover her outstanding and unpaid/underpaid overtime wages, penalties, attorneys' fees and costs from the Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et. seq,* in *Yadira Miranda v. Apollo Advanced Home Health, Corp.*, presently pending in the Middle District of Florida with Case No.: 8:22-cv-00111-SDM-TGW ("the Lawsuit").

**Whereas,** to avoid the uncertainties of litigation, the Parties desire to enter into a mutually binding agreement to resolve the Lawsuit and any and all claims for unpaid/underpaid wages that could have been brought in the Lawsuit. By entering into this Agreement, the Defendants do not admit any liability whatsoever to Plaintiff or to any other person arising out of any claims asserted, or that could have been asserted in any claim under the FLSA or Florida law, and expressly deny any and all such liability.

**NOW THEREFORE,** in consideration of the mutual promises and covenants contained herein, the Parties agree to resolve Plaintiff's claims for unpaid/underpaid wages, penalties, attorneys' fees and costs by the Defendants' payment of the gross amount of $12,000.00. Yadira Miranda will receive $3,000.00 as payment for alleged overtime wages and liquidated damages. Miranda's attorneys will receive $9,000.00 fees ($8,478.00) and costs ($522.00). The Defendants will pay this amount in five (5) monthly installments as follows:

a. Defendants shall deliver the first installment of Four, Thousand Dollars ($4,000.00) within 15 days of the Court's approval of this Agreement in the following manner:

   i. One check in the gross amount of $1,500.00 payable to YADIRA MIRANDA, for back wages (from which taxes and withholdings shall be deducted by Defendants) and a W-2 shall issue to Plaintiff;

   ii. One check in the net amount of $1,500.00 payable to YADIRA MIRANDA for which a W-9 shall issue to Plaintiff.

   iii. One check in the gross amount of $1,000.00 representing a portion (1/9) of the attorneys' fees and costs due to Plaintiff and payable to her counsel.

b. Defendants shall make four (4) further installment payments consecutively and in equal installments of $2,000.00 representing the attorneys' fees and costs due to Plaintiff and payable to her counsel. Defendants shall deliver these payments every thirty (30) days consecutively after the first installment described above:

c. If Defendants, after receipt of email notice to their counsel of any default in payment under the Agreement, fail to cure the default within 5 business days, then Defendants shall pay

$2,500.00 for that particular defaulted installment to FairLaw Firm, instead of $2,000.00, within five days after the default.

d. If Defendants fail to make *any* of the default payments within five days of their original due dates, then Plaintiff shall be entitled to apply to the Court for a Default Final Judgment against Defendants for a judgment against Defendants, jointly and severally in the amount of $17,500.00 minus all payments already timely made. Defendants waive any defense to the entry of a Default Final Judgment other than the failure to provide the notice required under this Agreement and/or timely payment. If necessary, Defendants shall draft the proposed Motion to Approve and Order Approving in a form acceptable to Plaintiff's counsel.

e. The payments set forth above shall be issued to the FairLaw Firm, ATTN: Toussaint Cummings, Esq., at 135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33146 via any delivery method within the times prescribed in paragraphs (a) – (d).

The Parties generally release, satisfy and forever discharge one another from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Plaintiff or Defendants ever had or may now have against the one another from the beginning of time to the date of this Agreement is executed, except for the obligations the Defendants undertake in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Plaintiff's employment with Defendants and separation of employment with Defendants pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

Upon inquiry, Defendants shall provide a neutral employment reference and verify Plaintiff's dates of work, position(s) held, and rate(s) of pay, but without reference to any demand letter, lawsuit, claim(s) asserted therein, or the resolution of such claims. The parties shall not make any disparaging statements about one another.

Notwithstanding the forgoing, Plaintiff and Defendants may disclose this Agreement on the following conditions: (i) Plaintiff may advise her attorney(s), accountant(s), tax preparers, and the Internal Revenue Service (IRS) that she received income as a result of a settlement agreement relating to her employment and the amount received; (ii) to federal regulatory authorities or law enforcement officers if instructed by them not to discuss her conversation with them to the Defendants; and (iv) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Plaintiff may testify or provide information regarding this Agreement or may produce the Agreement

The Parties acknowledge that each had the opportunity to have this document reviewed by counsel, that each had his/her/their/its counsel review and if necessary revise the agreement, and that the normal rules of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement. All prior negotiations, representations, and discussions are merged into and superseded by this Agreement. This Agreement may not be changed except in writing and signed by all of the Parties.

The parties agree that the substantive law of the State of Florida governs this Agreement, and that jurisdiction over this matter shall be in the United States District Court for the Southern District of Florida, which is presiding over the Lawsuit. If the Court invalidates any provision of this Agreement, then all remaining provisions of the Agreement shall remain in full force and effect provided that both parties may still effectively rely. The prevailing party in any claim arising out of or relating to this Agreement shall be entitled to recover his/her/its attorneys' fees.

Defendants represent and warrants that the person signing this Agreement has the authority to act on behalf of Defendants and to bind Defendants and all who may claim through Defendants to the terms and conditions of this Agreement represents and warrants that s/he has the capacity to act on her own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement. Plaintiff and Defendants each warrant and represent that there are no liens or claims of lien or assignments in law or equity or otherwise of or against any of the claims or causes of action released by this Agreement, and no claim released has been previously transferred or assigned.

This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the Defendants, which is/are expressly denied.

Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement. This Agreement is expressly contingent on the payment and clearance of all settlement funds. This Agreement may be executed in counterparts, and the facsimile/copy of any signature or of this Agreement shall have the same force and effect as an original.

Defendants understand that although Plaintiff's counsel prepared this Agreement, Defendants were advised of and had the opportunity to review this Agreement with their counsel, they were not provided with any legal advice by Plaintiff's counsel prior to signing, that they understood this agreement before signing it.

Plaintiff represents that this Agreement has been explained and/or translated to him and that he fully understood the contents before signing. Plaintiff also agrees to the division of the settlement funds as set forth above.

*[Signatures on the following page]*

**IN WITNESS WHEREOF**, the undersigned have executed this Agreement as of the dates set forth below, willingly, and freely.

*Yadira Miranda*

By: (Feb 28, 2023 12:38 EST) __________
Yadira Miranda

*Apollo Advanced Home Health, Corp.*
JOSE M. MARTINEZ

3 of 4 Authorized Representative:

____________________________